IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **LAWSON INNOVATIONS LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**SOUTHERN NEWSPAPERS, INC.,**<br><br>Defendant. | Civil Action No. 4:18-cv-99<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiff, Lawson Innovations LLC ("Lawson"), makes the following allegations against Defendant Southern Newspapers, Inc. ("Southern" or "Defendant"):

### THE PARTIES

1. Plaintiff Lawson is a limited liability company duly organized and existing under the laws of Texas, having its principal place of business in The Woodlands, Texas.

2. On information and belief, Southern is a Texas corporation having its principal place of business in Houston, Texas.

### NATURE OF THE ACTION

3. This is a civil action for the infringement of United States Patent No. 7,171,629 ("the '629 patent" or "the Patent-in-Suit") under the Patent Laws of the United States 35 U.S.C. § 1 *et seq*.

### JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271, *et seq*.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b).

6. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including (i) at least a portion of the infringements alleged herein; and (ii) directly and/or through subsidiaries or intermediaries, regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this District.

## THE PATENT-IN-SUIT

7. On January 30, 2007, the '629 patent, titled "Customizable Web Site Access System and Method Therefore," was duly and lawfully issued by the U.S. Patent and Trademark Office. A true and correct copy of the '629 patent is attached hereto as Exhibit A.

8. The inventions disclosed in the '629 patent relate to "the manner in which a user and/or developer of the World Wide Web presents and/or accesses a web site and, more specifically, to a system and method to enable multiple types of automated navigation through a plurality of web site addresses." (Ex. A, the '629 Pat., Col. 7, Ins. 31-34.)

9. Lawson owns the '629 patent and holds the right to sue and recover damages for infringement thereof, including past infringement.

## COUNT 1: INFRINGEMENT OF THE '629 PATENT

10. Paragraphs 1-9 are incorporated by reference as if fully restated herein.

11. The '629 patent is valid and enforceable under United States Patent Laws.

12. Defendant has directly infringed, and continues to directly infringe, at least claim 1 of the '629 patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by using web slideshow presentations displayed on its publication websites that read on at least one claim of the '629 patent, including, for example, the web slideshow presentations found at www.baytownsun.com, www.times-journal.com, www.galvnews.com, www.dailytimes.com, www.dailysentinel.com, www.herald-zeitung.com, www.theparisnews.com, www.jcsentinel.com and www.seguingazette.com.

13. Defendant has indirectly infringed and continues to indirectly infringe the '629 patent under 35 U.S.C. § 271(b), literally and/or under the doctrine of equivalents, by actively, knowingly, and intentionally inducing infringement of the '629 patent by others (*e.g.,* Defendant's customers, distributors, partners, and/or third parties).

14. On information and belief, Defendant has been aware of the '629 patent at least since December 13, 2017.

15. Since Defendant has been on notice of the '629 patent, Defendant has actively, knowingly, and intentionally induced, and continues to actively, knowingly, and intentionally induce, infringement of the '629 patent by others (*e.g.,* Defendant's customers, distributors, partners, and/or third parties) by using web slideshow presentations displayed on its publication websites that read on at least one claim of the '629 patent, including, for example, the web slideshow presentations found at www.baytownsun.com, www.times-journal.com, www.galvnews.com, www.dailytimes.com, www.dailysentinel.com, www.herald-zeitung.com, www.theparisnews.com, www.jcsentinel.com and www.seguingazette.com, knowing of the '629 patent, knowing that others will use and/or operate its websites in an infringing manner, and knowing and intending to encourage and facilitate those infringing uses and/or operations of its websites through the creation and/or dissemination of promotional and marketing materials, including links to its websites.

16. To date, on information and belief, Defendant continues the relevant operations of its websites and has not provided its customers and/or users of its websites instructions on how to avoid infringement since Defendant had notice of the '629 patent. Defendant continues to disseminate the same promotional and marketing materials, including links to its websites, as before.

17. To date, on information and belief, Defendant has not produced or relied upon an opinion of counsel related to the '629 patent.

18. On information and belief, through Defendant's policies or practices of not investigating whether its products and services infringe the patents of others, Defendant

intentionally took steps to avoid learning the extent of its infringement of the '629 patent.

19.     Defendant's infringement has been and continues to be willful and deliberate, entitling Lawson to additional damages.  Defendant has engaged in reckless conduct despite an objectively high likelihood that its actions constituted infringement of a valid patent.

20.     Lawson has been and continues to be damaged by Defendant's infringement of the '629 patent.

## PRAYER FOR RELIEF

Wherefore, Lawson respectfully requests that this Court enter judgment against Defendant as follows:

a) adjudging that the Defendant has infringed, literally or under the doctrine of equivalents, the Patent-in-Suit;

b) adjudging that Defendant's infringement of the Patent-in-Suit is willful;

c) awarding Lawson the damages to which it is entitled under 35 U.S.C. § 284 for Defendant's infringement;

d) adjudging that this case is exceptional under 35 U.S.C. § 285 and awarding Lawson attorneys' fees, costs, and expenses that it incurs in prosecuting this action;

e) awarding Lawson pre-judgment and post-judgment interest on its damages; and

f) awarding Lawson such other and further relief in law or equity that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Lawson hereby respectfully demands a trial by jury on all claims and issues so triable.

Dated: January 12, 2018                                        Respectfully submitted,

OF COUNSEL:                                        By:  */s/ Bradford J. Black*

Matt Olavi                                                   Bradford J. Black
Texas Bar No. 24095777                           Attorney-in-Charge
OLAVI LAW P.C.                                     Texas Bar No. 24086243
401 Congress Avenue, Suite 1540          S.D. Texas No. 2166172

-5-

Austin, Texas 78701
Email: molavi@olavilaw.com
Tel: (512) 717-4485
Fax: (512) 717-4495

BRADFORD BLACK P.C.
4 Embarcadero Center, Ste. 1400
San Francisco, CA 94111
Email: bblack@bradfordblack.com
Tel: (415) 813-6210
Fax: (415) 813-6222

Pritesh Soni
Texas Bar No. 24063926
S.D. Texas No. 1097849
THE SONI LAW FIRM PLLC
1601 Westheimer Road
Houston, TX 77006
Email: psoni@sonilawfirm.com
Tel: (832) 429-7664
Fax: (713) 526-8105

**ATTORNEYS FOR PLAINTIFF**